UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALVARY SPV I, LLC,

    Plaintiff,

v.

GAIL J. WOFFORD,

    Defendant.

Case No. 14-cv-03104-JST

**ORDER REMANDING ACTION**

Re: ECF No. 1

This action for a claim arising out the "buying and collecting" of debts was removed to this court from the Superior Court of Lake County by Defendant Wofford on July 8, 2014. ECF No. 1. The summons attached to the notice of removal states that the single cause of action asserted in the complaint is one under "Rule 3.740 collections," which arises exclusively under state law.[1] ECF No. 1, Ex. 1.

The Court will remand the action to state court because removal was improper. According to the notice of removal, the basis for removal was federal question jurisdiction because "the act of action [sic] of buying and collecting debts across multiple state lines necessarily involves interstate commerce." ECF No. 1 ¶ 8. That the activities at issue in the complaint "involve" interstate commerce is insufficient to find that "a right or immunity created by the Constitution or laws of the United States" is an essential element of the plaintiff's cause of action. See Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (holding that a district court has federal question jurisdiction over an action if, under the well-pleaded complaint rule, the court determines that "a right or immunity created by the Constitution or laws

---

[1] Under California Rule of Court 3.740, a "collections case" is "an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney fees, arising from a transaction in which property, services, or money was acquired on credit."

1  of the United States" is an essential element of the plaintiff's cause of action).  As such, this case
2  could not have been removed on the basis of federal question jurisdiction.

3        The action also could not have been removed on the basis of diversity jurisdiction, because
4  that basis for removal is unavailable when "any of the parties in interest properly joined and
5  served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. §
6  1441(b)(2).  In the notice of removal, Defendant Wofford states that she is "a natural woman
7  residing within this judicial district, and a citizen of the State of California."  ECF No. 1 ¶ 6.

8        Accordingly, this action is remanded to the Superior Court of Lake County.  The Clerk
9  shall terminate this action.

**IT IS SO ORDERED.**

Dated:  August 25, 2014

                                                JON S. TIGAR
                                                United States District Judge